UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BARBARA D. O'DONNELL,

                Plaintiff,

  -v-

METLIFE DISABILITY INSURANCE COMPANY
and INTERNATIONAL BUSINESS MACHINE
CORPORATION,

                Defendants.

Case No. 08-CV-1117 (KMK)

ORDER ADOPTING REPORT
AND RECOMMENDATION

---

Appearances:

Barbara D. O'Donnell
Otisville, NY
*Pro Se Plaintiff*

Randi F. Knepper, Esq.
Louis P. Di Giaimo, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Newark, NJ
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Barbara O'Donnell ("Plaintiff"), pro se, filed this action on February 4, 2008 against Defendants Metropolitan Life Insurance Company ("MetLife") and International Business Machines Corporation ("IBM") (collectively, "Defendants"), alleging that Defendants violated the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by wrongfully terminating Plaintiff's disability benefits pursuant to a MetLife insurance policy she purchased while employed by IBM. Defendants move to dismiss, pursuant to Fed. R. Civ. P.

12(b)(6), on grounds that Plaintiff's Complaint is barred by the applicable statute of limitations.

The Court assumes the Parties' familiarity with the factual and procedural background of this case as it is thoroughly set forth in Magistrate Judge George A. Yanthis's Report and Recommendation dated February 20, 2009 ("R&R").[1]  In his R&R, Magistrate Judge Yanthis recommended that Defendants' motion to dismiss be granted.  (R&R 1.)  Plaintiff submitted what the Court will assume, for purposes of this Motion, to be timely written objections to the R&R ("Pl.'s Obj.").[2]

For the reasons stated herein, the Court adopts the R&R and dismisses Plaintiff's Complaint.

## I.  Standard of Review

### A.  Review of Magistrate Judge's Report & Recommendation

A district court reviewing a magistrate judge's report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007).  Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be

---

[1] This case was originally assigned to Judge Charles L. Brieant and referred to Magistrate Judge Yanthis for all purposes.  The case was subsequently reassigned to Judge Cathy Seibel and then reassigned again, on March 25, 2009, to this Court.

[2] Plaintiff mailed an undated document entitled "Report and Recommendation Objections" directly to Judge Seibel's chambers; it has not been filed with the Clerk of Court and did not appear on the docket for this case within the allotted time to file objections.  The Court will docket this submission, and for purposes of this motion, the Court will treat Plaintiff's objections as having been properly and timely submitted.

"specific" and "written," Fed. R. Civ. P. 72(b)(2), and must be made "[w]ithin 10 days after being served with a copy of the recommended disposition," *id.*; *see also* 28 U.S.C. § 636(b)(1), plus an additional three days when service is made pursuant to Fed. R. Civ. P. 5(b)(2)(C)-(F), *see* Fed. R. Civ. P. 6(d).

Where a party submits timely objections to a report and recommendation — as the Court assumes Plaintiff did here — the district court reviews de novo the parts of the report and recommendation to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. The district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)).

B.  Rule 12(b)(6) Motion to Dismiss

"On a Rule 12(b)(6) motion to dismiss a complaint, the court must accept a plaintiff's factual allegations as true and draw all reasonable inferences in [the plaintiff's] favor." *Gonzalez v. Caballero*, 572 F. Supp. 2d 463, 466 (S.D.N.Y. 2008); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) ("We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." (internal quotation marks omitted)). "In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr.*

*Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotation marks omitted).

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted) (second alteration in *Twombly*). Instead, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. If Plaintiff "ha[s] not nudged [her] claims across the line from conceivable to plausible, [her] complaint must be dismissed." *Id.*; *see also Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("After careful consideration of the Court's [*Twombly*] opinion . . . , we believe the Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." (emphasis in original)).

## II. Discussion

In his R&R, Magistrate Judge Yanthis assumed that a six-year limitations period applies to Plaintiff's ERISA claim. (R&R 5-6.) Plaintiff, who had argued for a six-year limitations period in opposition to Defendants' motion, did not object to this assumption or otherwise suggest that a longer limitations period governs.[3] The Court finds that there was no error in Magistrate Judge Yanthis's conclusion that the governing limitations period does not exceed six

---

[3] The Court notes that Defendants argued for a two-year statute of limitations, based on a provision in Plaintiff's benefits plan. Like Magistrate Judge Yanthis, this Court need not address Defendants' position, given its conclusion that Plaintiff's claim is time-barred under a six-year statute of limitations.

years, and the Court adopts the R&R's assumption that a six-year period controls. *See Miles v. N.Y. State Teamsters Conference Pension & Ret. Fund Employee Pension Benefit Plan*, 698 F.2d 593, 598 (2d Cir. 1983) ("As ERISA does not prescribe a limitations period . . . , the controlling limitations period is that specified in the most nearly analogous state limitations statute. Here, the six-year limitations period prescribed by New York's C.P.L.R. § 213 controls." (internal citation omitted)); *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 537 F. Supp. 2d 546, 548 (S.D.N.Y. 2008) ("[I]n New York, the six-year statute of limitations for breach of contract claims generally governs ERISA claims for denial of benefits . . . .").

Magistrate Judge Yanthis concluded that Plaintiff's cause of action accrued no later than October 30, 2001, and that her Complaint (filed on February 4, 2008) was therefore time-barred. (R&R 8.) In her objections to the R&R, Plaintiff stated: "I respectfully disagree with [Magistrate Judge] Yanthis . . . . On February 4, 2002 I had yet to receive notification that IBM had terminated my employment and all my benefits." (Pl.'s Obj. at third unnumbered page.) The Court interprets this statement as a proper objection to the R&R's finding as to the date of accrual of her cause of action, and therefore reviews de novo Magistrate Judge Yanthis's conclusions as to that issue.

"[A] plaintiff's ERISA cause of action accrues, and the six-year limitations period begins to run, when there has been a repudiation by the fiduciary which is clear and made known to the beneficiaries." *Guilbert v. Gardner*, 480 F.3d 140, 148-49 (2d Cir. 2007) (internal quotation marks omitted) (quoting *Miles*, 698 F.2d at 598); *see also Campanella v. Mason Tenders' Dist. Council Pension Plan*, 299 F. Supp. 2d 274, 280 (S.D.N.Y. 2004) (same). There is a split of authority within the Second Circuit as to whether the relevant repudiation occurs — and the

plaintiff's claim accrues — "when benefits are initially denied (before administrative appeals) or when administrative remedies have been exhausted." *Burke*, 537 F. Supp. 2d at 549 n.2; *see also Veltri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 325 (2d Cir. 2004) (noting that "[t]he question . . . has divided the district courts of [the Second] Circuit," and declining to decide "which of the two approaches is technically correct").

Assuming *arguendo*, as did Magistrate Judge Yanthis (R&R 7), the more lenient rule that a plaintiff's ERISA cause of action does not accrue until the fiduciary clearly repudiates its obligations following the exhaustion of administrative remedies, the Court — construing Plaintiff's pro se Complaint liberally, as it must, *see Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir. 2000) — agrees with Magistrate Judge Yanthis that Plaintiff has failed to state a timely claim.

The Complaint alleges that: (i) Plaintiff received a letter from MetLife dated July 12, 2000, stating that she was "no longer eligible for benefits" (Compl. ¶ 15; *id.* Ex. 1); (ii) MetLife subsequently "denied [her] appeal" (*id.* ¶ 17); (iii) Christine D'Ippolito, an employee of the New York State Attorney General's Office whom Plaintiff contacted for assistance, sent a letter dated August 21, 2001 to Ronda Austin, an employee of MetLife, asking Metlife to "reconsider its decision on [Plaintiff's] claim" (*id.* ¶¶ 20, 24); (iv) Austin replied to D'Ippolito, in a letter dated September 21, 2001, that MetLife would "review [Plaintiff's claim] . . . and . . . advise [D'Ippolito] of [its] findings" (*id.* ¶ 25; *id.* Ex. 9); (v) Austin sent D'Ippolito a letter dated October 5, 2001, stating that MetLife's "previous decision remains unchanged" (*id.* ¶ 28; *id.* Ex. 11); and (vi) on October 30, 2001, Plaintiff spoke with Austin, who told Plaintiff that she had received the "full and fair review required by [her] plan and federal law," and that "[n]o further

review of [her] denial w[ould] be considered" (*id.* ¶ 30).

As a matter of law, this alleged October 30, 2001 statement by Austin to Plaintiff constituted a clear repudiation by MetLife that was made known to Plaintiff. *See Roberts v. Metro. Life Ins. Co.*, No. 06-CV-2725, 2007 WL 900920, at *4 (S.D.N.Y. Mar. 26, 2007) (holding that defendant's letter "stat[ing] that 'our previous decision to terminate [plaintiff's] claim for benefits was correct'" constituted defendant's "'final determination on appeal and complete[d] the full and fair review of the initial decision of [plaintiff's] disability claim,'" and that "[t]his language communicated to plaintiff that his claim was clearly and unequivocally denied" for purposes of accrual of plaintiff's cause of action (second alteration in original)); *Yuhas v. Provident Life & Cas. Ins. Co.*, 162 F. Supp. 2d 227, 232 (S.D.N.Y. 2001) (holding that defendant's communications informing plaintiff that "'[the ERISA Appeals Committee] has reaffirmed the denial of your . . . claim'" and that "'no further consideration [of plaintiff's claim] will be extended in accordance with ERISA regulations'" had "clearly and unequivocally denied her claim" for purposes of accrual of plaintiff's cause of action (alterations in original)).

Plaintiff's Complaint also alleges various communications with MetLife after October 30, 2001. For example, Plaintiff alleges that she "received a letter from MetLife dated February 4, 2002," stating that MetLife had "completed a review of [Plaintiff's] claim on September 11, 2000 up holding [sic] their original decision of July 12, 2000," which "constituted completion of the full and fair review required by the plan and by federal law," and that "[n]o further review or appeal of [Plaintiff's] denial w[ould] be considered." (Compl. ¶ 32; *id.* Ex. 12.) Plaintiff also alleges that she sent MetLife a letter on March 15, 2002, to which MetLife did not respond (*id.* ¶ 33), that she sent MetLife another letter on August 14, 2006, requesting a copy of her "entire

7

claims file," to which MetLife responded (*id.* ¶ 35), and that she called MetLife several times, and received one call back, during which a MetLife employee named "Lashaun" told her that she "had [her] one review required by law" and "[t]here was nothing they could do" (*id.* ¶ 37).

Notwithstanding Plaintiff's allegations of communications subsequent to October 30, 2001, the Complaint does not allege any events or facts that could cast doubt on the conclusion that Austin's statement to Plaintiff on October 30, 2001 was a clear notification of MetLife's final denial of Plaintiff's claim.  Allegations that MetLife reiterated its denial in writing and sometimes responded to Plaintiff's continued inquiries do not enable Plaintiff to state a claim that the limitations period restarted after October 30, 2001.  *See Roberts*, 2007 WL 900920, at *4 (holding that although "on four occasions after defendant's 'final' determination on appeal, defendant informed plaintiff that his claim was under review[,] . . . defendant was under no obligation to review the additional information submitted by the plaintiff[, and so] the fact that it chose to do so voluntarily does not make its [prior] determination . . . any less 'final'"); *Yuhas*, 162 F. Supp. 2d at 233 (holding that plaintiff's claim did not "'c[o]me back to life'" for statute of limitations purposes "when defendant wrote to plaintiff that '[t]he ERISA appeal period has expired,' and '[n]o further examination of [plaintiff's] claim will be made,'" because "defendant used similar language in several [previous] letters . . . , effectively repudiating plaintiff's claim for additional . . . benefits" (second, third, and fourth alterations in original)); *Mitchell v. Shearson Lehman Bros.*, No. 97-CV-526, 1997 WL 277381, at *6 (S.D.N.Y. May 27, 1997) ("[A] plaintiff cannot continue extending the accrual date merely by requesting repeated reconsideration from the plan administrator or the insurer.  It is the completion of the formal internal review that commences the limitations period.").  The result is not different merely

because Plaintiff initially was orally advised that her benefits were denied and then subsequently advised the same in writing. *See Green v. Int'l Bus. Machs. Corp.*, No. 01-CV-2334, 2001 WL 736811, at *2 (S.D.N.Y. June 22, 2001) ("Plaintiff's complaint alleges that he received a telephone call on January 24, 1995 in which [he was] told . . . that the plan was terminated. He received a letter to that effect . . . several days later. Plaintiff's cause of action accrued on January 24, 1995, the date he learned of IBM's repudiation.").

Accordingly, Plaintiff's ERISA cause of action accrued no later than October 30, 2001. As the applicable limitations period for her claim was no more than six years, it expired no later than on or about October 30, 2007. Because Plaintiff did not file her Complaint until February 4, 2008, her claim is barred as untimely.

### III. Conclusion

For the reasons stated and as amplified herein, Magistrate Judge Yanthis's R&R is adopted by Order of this Court. Defendants' Motion to Dismiss is granted.

The Clerk of Court is respectfully directed to terminate the pending motion (Dkt. No. 7), to dismiss Plaintiff's Complaint, and to close the case.

SO ORDERED.

Dated:   March 31, 2009
         White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List (by mail):

Barbara D. O'Donnell
75 Main Street
Otisville, NY 10963

Randi F. Knepper, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102

Louis P. Di Giaimo, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102

Copy To:

Honorable George A. Yanthis
United States Magistrate Judge